UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDOLPH W. MYRICK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-1792** |
| **MARLIN GUSMAN, SHERIFF, ET AL.** | **SECTION "J"(4)** |

**PARTIAL REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.

**I.    Factual Summary**

The plaintiff, Randolph W. Myrick ("Myrick"), is currently incarcerated in the Orleans Parish Prison ("OPP") in New Orleans, Louisiana. Myrick filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and Dr. Gore, seeking monetary damages for the alleged failure to provide adequate medical care. Myrick alleges that he has been incarcerated in the prison for over one year and during that time, his vision has gotten progressively worse and he has had constant headaches. He alleges that he has repeatedly sought treatment. He complains that his eyes are in constant strain and pain.

## II.     Standards of Review

Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).  A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.  *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Analysis

### A.     Sheriff Gusman

Myrick named Sheriff Gusman as a defendant.  However, a review of the complaint reveals that he has failed to set forth allegations which would entitle him to relief.  Under a broad reading

of the Complaint, Myrick has named Gusman as a Defendant because he is the head of the Orleans Parish Prison.

A supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, whether a deputy or doctor, allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). He may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). Myrick has not alleged any facts which would indicate that Gusman was personally involved in the allegations contained in the Complaint.

In this case, Myrick also fails to allege that Sheriff Gusman was personally involved in his medical care. An official is deliberately indifferent to an inmate's medical needs or safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Myrick has not alleged that Sheriff Gusman was in any way personally aware of his medical condition, treatment, or any risk to his personal safety. Therefore, Myrick's claims against Sheriff Gusman are frivolous.

### B. Dr. Gore

Myrick also named Dr. Gore as a defendant. Dr. Gore is alleged to be the Medical Administrator of the facility. He alleges that despite his request for help, he has not received any support. As a result, Myrick contends that he was denied adequate medical care.

Inadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to the prisoner's serious medical needs which constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Stewart v. Murphy* 174 F.3d 530, 533 (5th Cir. 1999) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards and excessive risk to inmate health or safety." *Stewart*, 174 F.3d at 534 (citing *Farmer*, 511 U.S. at 837). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle,* 429 U.S. at 105-106).

In *Estelle*, the Supreme Court concluded that:

[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle,* 429 U.S. at 97 (citation omitted, footnotes omitted). To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew

of and disregarded "an excessive risk to inmate health or safety," *Stewart*, 174 F.3d at 533 (*quoting Farmer*, 511 U.S. at 837).

For an official to act with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (*quoting Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk." *Reeves,* 27 F.3d at 176 (citing *Farmer*, 511 U.S. at 842 & n.8).

In the instant matter, Myrick contends that since he has been in Orleans Parish Prison for over one year, he has decreased vision and constant headaches. He complains that despite his repeated request for treatment, he has received no support and his eyes feel strained and hurt.

Based upon the allegations by Myrick the Court cannot say that this claim is frivolous. As a result the claim against Dr. Gore shall be allowed to proceed forward

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Myrick's § 1983 claims against Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e)(2) and § 1915A and Title 42 U.S.C. § 1997e.

**IT IS FURTHER RECOMMENDED THAT** the claim against Dr. Gore be allowed to proceed forward.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 2nd day of February, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.